```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
-----------------------------------------------------------------
In re
    Nigel James Bates                           Case No. 16-11052 MJK
    Eleanor Margaret Bates

                            Debtor(s)
-----------------------------------------------------------------
    Javed Zamir
                            Plaintiff(s)

            -vs-                                AP No. 16-1040 MJK

    Nigel James Bates
    Eleanor Margaret Bates

                            Defendant(s)
-----------------------------------------------------------------
In re
    Jeremy N. Bates                             Case No. 16-11054 MJK

                            Debtor(s)
-----------------------------------------------------------------
    Javed Zamir
                            Plaintiff(s)

            -vs-                                AP No. 16-1036 MJK

    Jeremy N. Bates

                            Defendant(s)
-----------------------------------------------------------------
```

Corey J. Hogan, Esq.
Paul M. Pochepan, Esq.
HoganWillig
2410 North Forest Rd., Suite 301
Amherst, NY 14068

ATTORNEYS FOR PLAINTIFF

Garry M. Graber, Esq.
Hodgson Russ LLP
The Guaranty Building, Suite 100
140 Pearl Street
Buffalo, NY 14202-4040

ATTORNEY FOR DEFENDANTS

OPINION AND ORDER GRANTING MOTIONS TO DISMISS IN PART AND DENYING SAID MOTIONS IN PART

Having considered the submissions and the oral argument conducted on November 17, 2017, the Court rules on the Defendants' Motions to Dismiss as follows.

In the Nigel Bates Adversary Proceeding[1] and Jeremy Bates Adversary Proceeding, the §727 causes of action (as contained in the initial Complaints and First Amended Complaints) are dismissed. The allegations objecting to discharge under §727 have not been reiterated in the Second Amended Complaints, and Notice of Opportunity to Intervene has already been sent in each of the Adversary Proceedings, and no other creditor has sought to intervene. (Moreover, the Court is of the view that no §727 theory was properly framed.)

Secondly, the Plaintiff's Motion to Extend Time to Appeal the Dismissal of the Complaint as to Eleanor Bates is denied as untimely. That said, the dismissal is not yet a final order because of F.R.Civ. P. Rule 54(b) - -that ruling was adjudicative as to fewer than "all parties" to the case. It will be appealable as of right only when all parties and all claims in that Adversary Proceeding have been decided by this Court. Short of that, an appeal would be available only upon the Plaintiff's motion for leave to appeal an interlocutory order, and a grant of that motion by the District Court.

Third, to the extent that the Plaintiff's opposition to these motions seeks or impliedly seeks further leave to amend the Complaints (except as to the amount of damages), that request is denied with prejudice. Plaintiff's counsel's stated intention (on the record in open court) to seek to add further causes of action at some uncertain point in time as discovery develops, threatens

---

[1] The Court previously dismissed that Adversary Proceeding as against Eleanor Bates; that dismissal is not yet final.

to cross the line past that of "zealous advocacy" in that it <u>assumes</u> that such added causes of action (even if permission were granted for a Third Amended Complaint or Fourth Amended Complaint) would "relate back" to meet the §523 statute of limitations, when, in fact, "relation back" is by no means an automatic or simple function.  See, for example, *Slayton v. American Express Co.,* 460 F. 3d 215 (2d Cir. 2006) and Fed.R.Civ. P. Rule 15(c)(1).  The threat to place the Defendants in fear of contest over new allegations of fact and theories of recovery that have not yet been raised even after the Plaintiff's third try, require an admonition by the Court.  The Plaintiff is cautioned that Rule 1 of the Federal Rules of Civil Procedures states, in material part, that those Rules "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Rule 11 is <u>not</u> excepted from that teaching.  (Two amendments to the original Complaints in these Adversary Proceedings were necessary simply to get past the initial dismissal motions which were based on Rules 9, 12, and the cases of *Twombly* and *Iqbal*).  The veiled threat alluded to above dances on the edge of Rule 11.  The Plaintiff has had the full panoply of resources under the Bankruptcy Rules and the Federal Rules of Civil Procedure in which to seek to make the current Second Amended Complaints final and complete complaints against these Debtors.  These Adversary Proceedings will be considered only on the basis of the Second Amended Complaints.

     Next, the Motions to Dismiss are denied in part.  The Second Amended Complaints plausibly set out (when the allegations of facts are presumed to be true) a scheme by which the Plaintiff was enticed to continue to make "loans" or "investments" past the point at which prior loans or investments had been repaid or otherwise satisfied.  Possibly of greater significance is the plausibility that such a scheme induced him into making two "loans" or "investments" of a

dramatically higher amount - - $300,000 on January 30, 2007 and $300,000 on June 28, 2007. Whether the enticement was by fraudulent means or not remains for discovery and trial.

Next, the fact that Jeremy Bates's name does not appear on most of the documents exhibited in the current Complaint does not mean that he could not "plausibly" have been part of a fraudulent scheme, given the fact that he was integrally involved in the management of the businesses at issue here.

Additionally, "piercing the veil" does not have to be proven as a separate cause of action. Rather, a binding decision of the U.S. District Court for the Western District of New York makes it clear that closely-held family companies like those in this case are "alter egos," and that "veil-piercing" is self-evident, and need not be proven. *Apace Communications, Ltd. v. Burke*, 522 F.Supp. 2d 509 (2007).

Finally, it is understandable that the Plaintiff seeks a judgment which, if satisfied, would make him whole with regard to every "loan" or "investment" he made to or in the Bates's business enterprises. However, the Plaintiff has not made clear what he alleges that he lost because the Bates family did not, in fact, obtain for him the mortgages that he expected. What would his losses have been if he had been given those mortgages? Would he still be entitled to (assuming proof of fraud) every dollar that he sent to the Bateses that was not repaid? The Plaintiff is expected to address this issue at trial, if not sooner.

The remaining Defendants shall have thirty days to Answer, after which the Court will schedule a Rule 16 Conference.

Dated:    Buffalo, New York
          December 14, 2017

                                              /s/ Michael J. Kaplan
                                              _____
                                              U.S.B.J.